PATRICK C. DENNENY *vs.* GEORGE E. WEBSTER, Clerk of the Court of Common Pleas for the County of Providence.

When an appeal is taken under Pub. Laws R. I. cap. 596, of May 27, 1886, amended by cap. 634, of May 4, 1887, being "An Act for the Suppression of Intemperance," the reasons of appeal must be filed in the court appealed to at least five days before the sitting of such court.

Nothing in Pub. Stat. R. I. cap. 219, authorizes such reasons to be filed later.

PETITION for a writ of *mandamus.*

The statutory provisions discussed in the opinion of the court are as follows :

Pub. Laws R. I., cap. 634, § 3, of May 4, 1887 :

" SECT. 3. Section 32 of said chapter 596 of the Public Laws is hereby amended so as to read as follows :

" SECT. 32. Upon appeal the appellant shall be required to give recognizance in the sum of three hundred dollars with good and sufficient surety in every case so appealed, with condition that he will file his reasons of appeal in the court appealed to at least five days before the sitting of said court, that he will appear before said court and there prosecute his appeal with effect, and abide or perform the order or sentence of said court in said case, and that he will not during the pendency of such appeal violate any of the provisions of this act; which recognizance such District Court shall forthwith certify to said Court of Common Pleas."

Pub. Stat. R. I. cap. 219, §§ 2, 4 :

" SECT. 2. Upon every claim for appeal the appellant shall be required to give recognizance in such sum as the person authorized to take such recognizance shall direct, and with surety to the satisfaction of such person, with condition that he will file his reasons of appeal in the court appealed to on or before the second day of the next term thereof as aforesaid, that he will appear before said court and there prosecute his appeal with effect, and abide or perform the order or sentence of said court in such case, and that he will in the mean time keep the peace towards all the people of this State, which recognizance the person taking the same shall forthwith certify to the court appealed to.

" SECT. 4. Whenever the appellant shall enter his reasons of

appeal in the appellate court, the clerk or justice having custody of the papers in the case shall file the same with the clerk of the appellate court, and if such appellant, having given recognizance, shall neglect to file his reasons of appeal in the court appealed to, on or before the second day of the next term thereof, he shall be defaulted in the appellate court on the recognizance; and the appellate court shall forthwith certify such neglect to the justice court from whose sentence the appeal was taken, and such justice court shall thereupon deliver to the attorney general the papers in the case, which shall be by him filed and entered in the appellate court; and the proceedings thereon in the appellate court shall be the same and shall be conducted in the same manner as if the appellant had filed such reasons of appeal on or before the second day of such term."

Pub. Stat. R. I. cap. 248, § 24 :

" SECT. 24.  Whenever any person under recognizance shall fail to perform the condition of his recognizance, his default shall be recorded, and process shall be issued against the persons bound in such recognizance, or such of them as the attorney general shall direct."

*October* 22, 1887.  DURFEE, C. J.  This is a petition for a writ of *mandamus* to issue to the respondent, as clerk of the Court of Common Pleas, commanding him to receive, file, and docket certain reasons of appeal.  The appeal was taken to the Court of Common Pleas at the term now holding, from a sentence of the District Court of the Tenth Judicial District, on complaint against the present petitioner for keeping intoxicating liquors for sale in violation of Pub. Laws R. I. cap. 596, of May 27, 1886, as amended by cap. 634, of May 4, 1887.  The reasons of appeal were brought in on the second day of the term, and were refused on the ground that they should have been filed at least five days before the sitting of the court.  The question is, were they rightly refused.  The answer to the question depends upon the construction to be given to certain provisions of the Public Statutes and the Public Laws.

There is no statute which expressly fixes the last day for filing reasons of appeal in criminal cases.  The general provisions in regard to criminal appeals are contained in Pub. Stat. R. I. cap. 219.

The second section of that chapter provides that, when an appeal is taken, the appellant shall be required to give recognizance, with condition that he will file his reasons of appeal in the court appealed to, on or before the second day of the term. This seems to fix by implication such second day as the last day for filing the reasons. Since the enactment of the Public Statutes, chapter 596 of the Public Laws, entitled "An Act for the Suppression of Intemperance," and chapter 634, in amendment of and in addition to chapter 596, have been passed. Section 32 of chapter 596, as amended by section 3 of chapter 634, provides that, on appeal from sentence for any offence under said chapters, " the appellant shall be required to give recognizance, with condition that he will file his reasons of appeal in the court appealed to at least five days before the sitting of said court." This provision evidently supersedes the provision of section 2 of chapter 219 for appeals from sentences for offences under chapters 596 and 634, and seems to fix the fifth day before the sitting of the court appealed to as the last day for filing reasons of appeal in such appeals, instead of the second day of the term. As we have seen, the appeal taken by the relator was an appeal from sentence under chapters 596 and 634. He has evidently committed a breach of his recognizance by not filing his reasons at least five days before the sitting of the court. How, then, has he the right to have his reasons, brought in on the second day of the term, filed and docketed ? He claims the right by section 4 of chapter 219, which has not been superseded by any corresponding provision of chapters 596 and 634. Section 4 provides that if an appellant, having given recognizance, shall neglect to file his reasons in the court appealed to on or before the second day of the term, he shall be defaulted on the recognizance, and the attorney general shall file the papers in the case, and proceed in the same manner as if the reasons had been filed on or before said second day. It is contended that this provision recognizes the right of an appellant to file his reasons on the second day of the term, and that it is therefore the duty of the clerk to receive them. Section 4 was framed with reference to section 2 of the same chapter, and naturally adopts the language prescribed for the recognizance required by section 2, but evidently the purpose of section 4, in the provision referred to, is not to give the

appellant until the second day of the term to file his reasons, but to prescribe what shall be done in case he *neglects* to file his reasons on or before the second-day in accordance with his recognizance ; and therefore the section, if applied to appeals under chapters 596 and 634, cannot be held to give the appellant until such second day to file his reasons, but must be construed according to its purpose, as prescribing that the appellant shall be defaulted if he neglects to file his reasons at least five days before the sitting of the court, in accordance with his recognizance, and that thereupon the attorney general shall proceed as stated.    Is section 4 capable of being so construed and applied ?    Doubtless the language of the section is not such as would have been chosen if the section had been originally designed to be so applied ; but we cannot suppose that the General Assembly intended to relieve defaulting appellants under chapters 596 and 634 from the consequences attending defaults in the case of other appellants, and therefore the section should, if it can reasonably, be construed as applicable.    The language is, " if the appellant *neglects* to file his reasons *on or before* the second day."    Applying the language to the case of an appellant who is bound by his recognizance to file his reasons at least five days before court, does not such appellant *neglect* to file his reasons on or before the second day when he *neglects* to file them at least five days before court, as his recognizance requires, instead of waiting until the second day of the term, when he has no right to file them ?    We incline to think so.    Indeed, we think such must be the conclusion, unless the provision of section 4 in question be rejected as inapplicable ; and if the provision is rejected, then there can be no question but that the reasons were rightly refused, because in that case there is plainly nothing but section 32 of chapter 596, as amended by chapter 634, to determine the time for filing, and that section fixes the time as at least five days before court.    The relator has clearly committed a breach of his recognizance, and is liable to default therefor under Pub. Stat. R. I. cap, 248, § 24, whether liable under cap. 219, § 4, or not.

The petition must be denied and dismissed.

*Hugh J. Carroll & Thomas J. McParlin,* for relator.

*Ziba O. Slocum,* Attorney General, for respondent.